## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | § | |
| | § | |
| *Plaintiff and Counterclaim-Defendant*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.:** |
| | § | **2:16-CV-01048-JRG** |
| FORT WORTH CITY CREDIT UNION, | § | |
| | § | **JURY DEMANDED** |
| *Defendant and Counterclaim-Plaintiff.* | § | |

## FORT WORTH CITY CREDIT UNION'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO TEXTILE COMPUTER SYSTEMS, INC.'S COMPLAINT

COMES NOW Fort Worth City Credit Union ("FWCCU"), and for its Answer to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Complaint for Patent Infringement (the "Complaint"), hereby respectfully responds to the numbered paragraphs of the Complaint, and in so doing denies the allegations of the Complaint except as specifically set forth herein.

### NATURE OF THE ACTION

1.     FWCCU admits that the Complaint contains allegations arising under the patent laws of the United States, Title 35 of the United States Code, and purports to seek injunctive relief, alleged damages, attorneys' fees, and costs.  FWCCU admits that claims 1, 3, 6, 7, 8, 9, 11, 13, 16, 17, 18 and 19 of U.S. Patent No. 8,505,079 (the "'079 Patent") and claims 1, 2, 5, 6, 7, 9, 11, 12, 15, 16, 17 and 19 of U.S. Patent No. 8,533,802 (the "'802 Patent") (collectively, the "Asserted Claims" and "Asserted Patents") are asserted in the lawsuit.  FWCCU denies each and every other allegation set forth in Paragraph 1 of the Complaint and, further, expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.

## THE PARTIES

2.      Upon information and belief, FWCCU admits that Plaintiff is a Texas corporation with its principal place of business located at 3400 Varsity Drive, Suite 1708, Tyler, Texas 75701.  FWCCU lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is a Texas corporation in good standing, and therefore denies the same.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 2 of the Complaint.

3.      FWCCU admits that it is a Texas credit union that maintains its principal place of business at 2309 Montgomery Street, Fort Worth, Texas 76107, and service of process may be made upon an appropriate representative at that address.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      FWCCU admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  FWCCU denies each and every other allegation set forth in Paragraph 4 of the Complaint and, further, expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.

5.      FWCCU admits that it has conducted business, and is conducting business, within the Eastern District of Texas.  FWCCU admits that this Court has personal jurisdiction over FWCCU.  FWCCU denies that Plaintiff has somehow been injured in the State of Texas by FWCCU's alleged infringement of the Asserted Claims of the Asserted Patents.  FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in the Eastern District of Texas or any other

2

judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 5 of the Complaint.

6.      FWCCU admits that it has conducted business, and is conducting business, within the Eastern District of Texas, and that it has derived revenue from that business.  FWCCU admits that this Court has personal jurisdiction over FWCCU.  FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in the Eastern District of Texas or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 6 of the Complaint.

7.      FWCCU admits that it transacts business within the Eastern District of Texas.  FWCCU admits that venue is proper in the Eastern District of Texas.  FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in the Eastern District of Texas or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.      FWCCU hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 7 of the Complaint as if fully set forth and restated herein.

9.      FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies each and every allegation set forth therein.

10.     FWCCU admits that Exhibit A to the Complaint appears to represent a copy of U.S. Patent No. 8,505,079, and states that the '079 Patent speaks for itself.  FWCCU admits that

the cover page of Exhibit A to the Complaint identifies Gopal Nadakumar as an alleged inventor, August 6, 2013 as the "Date of Patent," and "Authentication System and Related Method" as the title of the '079 Patent, which speaks for itself.  FWCCU denies that the application that resulted in the '079 Patent was properly examined, properly issued, and/or was provided a full and fair examination.  FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and, therefore, denies each and every other allegation set forth therein.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 10 of the Complaint.

11.     FWCCU admits that Exhibit B to the Complaint appears to represent a copy of U.S. Patent No. 8,533,802, and states that the '802 Patent speaks for itself.  FWCCU admits that the cover page of Exhibit B to the Complaint identifies Gopal Nadakumar as an alleged inventor, September 10, 2013 as the "Date of Patent," and "Authentication System and Related Method" as the title of the '802 Patent, which speaks for itself.  FWCCU denies that the application that resulted in the '802 Patent was properly examined, properly issued, and/or was provided a full and fair examination.  FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every other allegation set forth therein.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 11 of the Complaint.

12.     FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

4

13.     FWCCU admits that Exhibit A to the Complaint appears to represent a copy of U.S. Patent No. 8,505,079, states that the '079 Patent purports to recite two (2) independent claims and eighteen (18) dependent claims, and states that the '079 Patent speaks for itself. FWCCU expressly denies that it "commercializes…systems and methods" that meet all of the elements recited in any patentable, valid, and enforceable Asserted Claim of the '079 Patent. FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district. FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every remaining allegation set forth therein.

14.     FWCCU admits that Exhibit B to the Complaint appears to represent a copy of U.S. Patent No. 8,533,802, states that the '802 Patent purports to recite two (2) independent claims and eighteen (18) dependent claims, and states that the '802 Patent speaks for itself. FWCCU expressly denies that it "commercializes…systems and methods" that meet all of the elements recited in any patentable, valid, and enforceable Asserted Claim of the '802 Patent. FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district. FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every remaining allegation set forth therein.

15.     This Paragraph 15 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 15 are deemed factual in nature, FWCCU states that the '079 Patent speaks for itself, denies that the Asserted Claims of the '079

Patent are limited to "a system and method whereby the identity of a person, entity, device or the like attempting to gain access to a secured resource may be securely authenticated" as alleged by Plaintiff in Paragraph 15 of the Complaint, and denies that the supposed "invention" (as alleged by Plaintiff in Paragraph 15 of the Complaint) of the Asserted Claims of the '079 Patent is patentable, valid, and enforceable.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 15 of the Complaint.

16.     This Paragraph 16 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 16 are deemed factual in nature, FWCCU states that the '802 Patent speaks for itself, denies that the Asserted Claims of the '802 Patent are limited to "a system and method whereby the identity of a person, entity, device or the like attempting to gain access to a secured resource may be securely authenticated" as alleged by Plaintiff in Paragraph 16 of the Complaint, and denies that the supposed "invention" (as alleged by Plaintiff in Paragraph 16 of the Complaint) of the Asserted Claims of the '802 Patent is patentable, valid, and enforceable.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 16 of the Complaint.

## DEFENDANT'S PRODUCTS

17.     FWCCU hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 16 of the Complaint as if fully set forth and restated herein.

18.     FWCCU admits that it offers certain debit and credit cards to its members including, for example, the "Fort Worth Proud Visa Card."  FWCCU denies that any of the certain debit and credit cards it offers to its members are branded or designated "FWCCU Debit Card" or "FWCCU Credit Card," as alleged in Paragraph 18 of the Complaint.  FWCCU further denies that there is a "FWCCU card authentication system," as alleged in Paragraph 18 of the

Complaint.  This Paragraph 18 purports to state legal conclusions to which no response is required.  To the extent any of the remaining allegations in Paragraph 18 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every remaining allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 18 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 18 of the Complaint.

19.     FWCCU hereby repeats and incorporates by reference its answer to Paragraph 18 of the Complaint as if fully set forth and restated herein.   This Paragraph 19 purports to state legal conclusions to which no response is required.   To the extent any of the remaining allegations in Paragraph 19 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every remaining allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 19 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  FWCCU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the

Complaint and, therefore, denies each and every remaining allegation set forth therein.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 19 of the Complaint.

20.     This Paragraph 20 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 20 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 20 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 20 of the Complaint.

21.     This Paragraph 21 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 21 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 21 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 21 of the Complaint.

22.     This Paragraph 22 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 22 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 22 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 22 of the Complaint.

23.     This Paragraph 23 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 23 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 23 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 23 of the Complaint.

24.     This Paragraph 24 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 24 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 24 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 24 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 24 of the Complaint.

25.     This Paragraph 25 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 25 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 25 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 25 of the Complaint.

26.     This Paragraph 26 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 26 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 26 of the Complaint as alleged demonstrating FWCCU's supposed infringement of

any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 26 of the Complaint.

27.     This Paragraph 27 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 27 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 27 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 27 of the Complaint.

28.     This Paragraph 28 purports to state legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 28 are deemed factual in nature, FWCCU is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies each and every allegation set forth therein.  To the extent that Plaintiff intends to interpret any allegations of Paragraph 28 of the Complaint as alleged demonstrating FWCCU's supposed infringement of any of the Asserted Claims of the Asserted Patents, FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the

Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 28 of the Complaint.

29.     This Paragraph 29 purports to state legal conclusions to which no response is required.  FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 29 of the Complaint.

30.     This Paragraph 30 purports to state legal conclusions to which no response is required.  FWCCU expressly denies that it has committed any acts of infringement of a patentable, valid, and enforceable Asserted Claim of the Asserted Patents in this or any other judicial district.  Except as expressly admitted herein, FWCCU denies each and every other allegation set forth in Paragraph 30 of the Complaint.

### ALLEGED INFRINGEMENT OF THE '079 PATENT

31.     FWCCU hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 30 of the Complaint as if fully set forth and restated herein.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.  FWCCU expressly denies that it requires any authorization of and/or consent from Plaintiff with respect to any Asserted Claim of the Asserted Patents.

37.     Denied.

38.     Denied.  FWCCU expressly denies that it has infringed or is infringing, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable Asserted Claim of the '079 Patent, in this or any other judicial district.  FWCCU expressly denies that Plaintiff has been damaged, injured, harmed, or irreparably harmed by FWCCU's alleged infringement of the '079 Patent.  FWCCU acknowledges that Plaintiff has made a request for monetary damages, and expressly denies that Plaintiff is entitled to any such award, alleged damages, reasonable royalty, increased damages, fees, interests, costs, or other recovery in this case.

39.     Denied.  FWCCU expressly denies that it has infringed or is infringing, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable Asserted Claim of the '079 Patent, in this or any other judicial district.  FWCCU expressly denies that Plaintiff has been damaged, injured, harmed, or irreparably harmed by FWCCU's alleged infringement of the '079 Patent.  FWCCU acknowledges that Plaintiff has made a request for injunctive relief, and expressly denies that Plaintiff is entitled to any such relief, or other recovery in this case.

### ALLEGED INFRINGEMENT OF THE '802 PATENT

40.     FWCCU hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 39 of the Complaint as if fully set forth and restated herein.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.    Denied.  FWCCU expressly denies that it requires any authorization of and/or consent from Plaintiff with respect to any Asserted Claim of the Asserted Patents.

46.    Denied.

47.    Denied.  FWCCU expressly denies that it has infringed or is infringing, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable Asserted Claim of the '802 Patent, in this or any other judicial district.  FWCCU expressly denies that Plaintiff has been damaged, injured, harmed, or irreparably harmed by FWCCU's alleged infringement of the '802 Patent.  FWCCU acknowledges that Plaintiff has made a request for monetary damages, and expressly denies that Plaintiff is entitled to any such award, alleged damages, reasonable royalty, increased damages, fees, interests, costs, or other recovery in this case.

48.    Denied.  FWCCU expressly denies that it has infringed or is infringing, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable Asserted Claim of the '802 Patent, in this or any other judicial district.  FWCCU expressly denies that Plaintiff has been damaged, injured, harmed, or irreparably harmed by FWCCU's alleged infringement of the '802 Patent.  FWCCU acknowledges that Plaintiff has made a request for injunctive relief, and expressly denies that Plaintiff is entitled to any such relief, or other recovery in this case.

### DEMAND FOR JURY TRIAL

49.    FWCCU acknowledges that that Plaintiff has requested a jury trial.

### PRAYER FOR RELIEF

FWCCU denies that Plaintiff is entitled to any of the relief that has been requested against FWCCU.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, and as additional defenses thereto, FWCCU asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff.  FWCCU expressly reserves the right to further amend its Answer and Affirmative and Other Defenses as additional information becomes available and/or is otherwise discovered:

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff fails to state a claim against FWCCU upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

3.      Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

4.      Upon information and belief, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings,

Plaintiff is precluded and estopped from asserting that FWCCU has infringed upon any of the claims of the Asserted Patents.

### FIFTH AFFIRMATIVE DEFENSE

5.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by FWCCU, or any services offered for sale, sold and/or used by FWCCU, which are alleged to infringe any of the claims of the Asserted Patent to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of the Asserted Patent have not complied with the notice requirements of 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

6.     FWCCU has not made, used, imported, offered for sale or sold in the United States any product or service which would have infringed any patentable, valid, and/or enforceable claim of the Asserted Patents.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Upon information and belief, any claims asserted by Plaintiff against FWCCU are barred on the grounds of unclean hands, which has resulted in extreme prejudice and detriment to FWCCU.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which FWCCU may hereafter discover or otherwise become informed:

(a)     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b)     The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c)     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)     The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)     The patentee(s) did not himself/themselves invent the subject matter claimed;

(f)     The patentee(s) abandoned the alleged invention(s);

(g)     Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)     The difference between the subject matter sought to be patented in the Asserted Patents and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)     The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)     The Asserted Patents do not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

(k)     The claims of the Asserted Patents do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

**NINTH AFFIRMATIVE DEFENSE**

9.     FWCCU states that it has not infringed, contributed to the infringement of, and/or induced the infringement of, any patentable, valid, and enforceable claim of the Asserted Patents.

**TENTH AFFIRMATIVE DEFENSE**

10.     Upon information and belief, FWCCU states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by FWCCU.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     FWCCU denies that Plaintiff is entitled to any of the relief requested against FWCCU.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Any claims of the Asserted Patents that may not be, arguendo, held unpatentable, invalid, and/or unenforceable are so restricted in scope that FWCCU has not infringed, and does not infringe, upon any such claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff is not entitled to injunctive relief, as Plaintiff has not and will not suffer irreparable harm and has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the doctrine of patent exhaustion.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Upon information and belief, FWCCU states that Plaintiff is wholly or partially barred from the relief that it seeks based on actual and/or implied license.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, for failure to comply with the requirements of 35 U.S.C. § 286.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     To the extent that Plaintiff asserts that FWCCU is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by contributory infringement or inducement of infringement, FWCCU is not liable to Plaintiff for the acts alleged to have been performed before FWCCU knew that the actions would allegedly cause indirect infringement.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Although Plaintiff has neither plead nor alleged joint infringement, to the extent

that Plaintiff asserts that FWCCU jointly infringes any claim(s) of the Asserted Patent, as a result of FWCCU's actions with any FWCCU customer(s) and/or any other actions, FWCCU is not liable to Plaintiff for the acts alleged to have been performed, whether with customers and/or with other third-parties, where FWCCU did not direct or control the others' performance and/or where FWCCU and the others did not form a joint enterprise.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Upon information and belief, FWCCU states that the Asserted Patents are unenforceable and/or invalid due to the doctrine of patent misuse.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorney's fees.

WHEREFORE, FWCCU denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff's Complaint against FWCCU, with prejudice;

B.     Finding that FWCCU has not infringed upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.     Permanently enjoining Plaintiff and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the Asserted Patents

against FWCCU, or any of its customers, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding FWCCU its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

H.      Awarding to FWCCU such other and further relief as the Court may deem just and proper under the circumstances.

## COUNTERCLAIM

COMES NOW Defendant and Counterclaim-Plaintiff Fort Worth City Credit Union ("FWCCU"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("TCS"), states as follows:

### NATURE OF THE ACTION

1.      This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of U.S. Patent Nos. 8,505,079 and 8,533,802 (the "Asserted Patents") are invalid and/or not infringed by FWCCU.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under 38 U.S.C. §§ 1331 and 1338(a), and further under the patent laws of the United States, 35 U.S.C. § 1, et seq.  Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### THE PARTIES

3.      FWCCU is a Texas credit union that maintains its principal place of business at 2309 Montgomery Street, Fort Worth, Texas 76107.

4.      Upon information and belief, FWCCU states that Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. is a Texas corporation with its principal place of business located at 3400 Varsity Drive, Suite 1708, Tyler, Texas 75701.

### ACTS GIVING RISE TO THE COUNTERCLAIM

5.      On September 23, 2016, TCS commenced a civil lawsuit against FWCCU alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such action, TCS has created an actual and justiciable case and controversy

22

between itself and FWCCU concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether FWCCU has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.      FWCCU has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNT ONE

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.      FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.      Upon information and belief, all of the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

10.      FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of this Counterclaim as if fully set forth and restated herein.

11.      Upon information and belief, all of the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which FWCCU may hereafter discover or otherwise become informed:

(a)      The alleged invention(s) was/were not new before the applicant's alleged

23

conception and/or reduction to practice;

(b)    The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c)    The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)    The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)    The patentee(s) did not himself/themselves invent the subject matter claimed;

(f)    The patentee(s) abandoned the alleged invention(s);

(g)    Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)    The difference between the subject matter sought to be patented in U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)    The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)    U.S. Patent No. 8,505,079 does not contain a written description of the alleged

invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

(k)    The claims of U.S. Patent No. 8,505,079 do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s); and

(l)    Each of the claims of U.S. Patent No. 8,505,079 is directed to unpatentable subject matter.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

12.    FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.    Any claims of U.S. Patent No. 8,505,079 that may not be, arguendo, held unpatentable, invalid, and/or unenforceable are so restricted in scope that FWCCU has not infringed, and does not infringe, upon any such claims.

## COUNT FOUR

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

14.    FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 13 of this Counterclaim as if fully set forth and restated herein.

15.    Upon information and belief, all of the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible

application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

## <u>COUNT FIVE</u>

### <u>Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802</u>

16.     FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 15 of this Counterclaim as if fully set forth and restated herein.

17.     Upon information and belief, all of the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which FWCCU may hereafter discover or otherwise become informed:

(a)     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b)     The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c)     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)     The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)     The patentee(s) did not himself/themselves invent the subject matter claimed;

(f)     The patentee(s) abandoned the alleged invention(s);

(g)     Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)     The difference between the subject matter sought to be patented in U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)     The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)     U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

(k)     The claims of U.S. Patent No. 8,533,802 do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s); and

(l)     Each of the claims of U.S. Patent No. 8,533,802 is directed to unpatentable subject matter.

## COUNT SIX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

18.     FWCCU incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Counterclaim as if fully set forth and restated herein.

19.     Any claims of U.S. Patent No. 8,533,802 that may not be, arguendo, held unpatentable, invalid, and/or unenforceable are so restricted in scope that FWCCU has not infringed, and does not infringe, upon any such claims.

### JURY DEMAND

Pursuant to Local Civil Rule 38 and Fed. R. Civ. P. 38, Defendant and Counterclaim-Plaintiff Fort Worth City Credit Union demands a trial by jury on all issues so triable.

WHEREFORE, Counterclaim-Plaintiff Fort Worth City Credit Union respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.:

A.     Declare that FWCCU has not infringed upon any of the claims of U.S. Patent Nos. 8,505,079 or 8,533,802;

B.     Declare that each claim of U.S. Patent No. 8,505,079 is unpatentable;

C.     Declare that each claim of U.S. Patent No. 8,505,079 is invalid;

D.     Declare that each claim of U.S. Patent No. 8,505,079 is unenforceable;

E.     Declare that each claim of U.S. Patent No. 8,533,802 is unpatentable;

F.     Declare that each claim of U.S. Patent No. 8,533,802 is invalid;

G.     Declare that each claim of U.S. Patent No. 8,533,802 is unenforceable;

H.     Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all

persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that FWCCU and/or any of its officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of U.S. Patent Nos. 8,505,079 or 8,533,802;

I.     Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding FWCCU its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

J.     Awarding to FWCCU such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  December 1, 2016                    Respectfully submitted,


                                   By:   _____
                                         Michael C. Smith
                                         State Bar No. 18650410
                                         michaelsmith@siebman.com
                                         SIEBMAN, BURG, PHILLIPS &
                                         SMITH LLP
                                         P.O. Box 1556
                                         Marshall, TX 75671-1556
                                         Telephone: (903) 938-8900
                                         Facsimile: (972) 767-4620

                                         *ATTORNEYS FOR DEFENDANT
                                         AND COUNTERCLAIM-
                                         PLAINTIFF FORT WORTH CITY
                                         CREDIT UNION*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail pursuant to operation of the Court's CM/ECF system this 1st day of December, 2016.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

Michael C. Smith